IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

DAVID ATKINS,                                        )
                                                     )
          Plaintiff-Appellant                        )
                                                     )
     v.                                              )          No. 10-60940
                                                     )
KEN SALAZAR, SECRETARY                               )
DEPARTMENT OF THE INTERIOR                           )
                                                     )
          Defendant-Appellee                         )
                                                     )
_____            )

**RESPONSE TO PLAINTIFF/APPELLANT'S OPPOSITION TO
<u>MOTION FOR PUBLICATION OF OPINION</u>**

Atkins' main opposition to the Department of Interior's Motion for Publication of Opinion

is that *Lewis v. Pennsylvania*, 2010 WL 4968270 (W.D. Penn. Oct. 5, 2010), changed the importance

of A1C readings to a risk analysis.  Atkins' reasoning is faulty and without merit.  A 2010 out of

circuit district court decision (*Lewis*) in no way undermines a 2012 United States Court of Appeals'

decision (*Atkins*).

Further, the *Atkins* and *Lewis* cases only similarity is that both parties were Type II diabetics.

The remaining facts about each case are drastically different.  In *Lewis*, Lewis applied to be a

Pennsylvania State Trooper in 2005, and after successfully completing the preliminary qualifications,

he underwent the required medical evaluation and he was found to be disqualified due to his Type

II diabetes.  Evidence was presented that Lewis' A1C levels  ran between 7% and 8%, and Lewis

agreed that A1C levels were an indicator of diabetic control.  *Id.* p. 2, n. 2.  Lewis' medical records

only showed that he may have experienced hypoglycemic episodes based on medical notes dated September 27, 2004, and illegible medical notes dated March 14, 2005.[1]  *Id.*  Since Lewis was denied a job based solely on him being a  Type II diabetic, the district court denied the State of Pennsylvania's motion for summary judgment.  *Id.*, p. 7.

In contrast, Atkins, remained employed for five years with the National Park Service after the National Park Service implemented its medical qualifications.  His medical records are replete with incidences of HA1C readings well above 8%.  In fact, while on light duty, Atkins' HA1C was 9.4%.  (Slip Op. at p. 5) and was recorded as high as 10.2%.  (Slip op. at 9).  So, Atkins cannot compare his HA1C readings to Lewis' HA1C readings.  Additionally, this Court relied on Atkins' personal blood glucose logs over the last year which showed widely fluctuating blood sugar levels. (Slip op. pp. 7-9).        The *Lewis* case made no reference to blood glucose logs.

The Department of Interior remains vigilant in seeking the Court to publish its Opinion in this case.  In its Opinion at pages 5-9 in explaining what must be done to show a business necessity defense, the Court refers to  *Cripe v. City of San Jose*, 261 F.3d 877, 890 (9th Cir. 2001)(quoting *Belk v. SW Bell Tel. Co.*, 194 F.3d 946, 951 (8th Cir. 1999), *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 996 (9th Cir. 2007), *and Ditterline v. Salazar*, 320 F.App'x 853, 858 (10th Cir. 2009), all out of circuit cases before the Court makes reference to *EEOC v. Exxon Corp.*, 204 F.3d 871, 875

---

[1] Atkins claims Lewis on page 3 of his Response to Motion Defendant's Motion to Publish that "[w]hile ALC readings may have been, in 2005, the "best available objective evidence to determine Atkin[s] blood sugar levels and to determine whether or not his diabetes was under control,"' slip op. at 9 n.10, that no longer appears to be the case."  In actuality, the *Lewis* and *Atkins* time frames for relying on HAIC readings and low blood sugar levels included 2004 and 2005.  See *Lewis* p. 2 and *Atkins* slip op. p. 5, 7-9.  Thus, Atkins argument that the Lewis decision is based on more recent medical information than Atkins is lacking.

(5th Cir. 2000), which dealt with evaluating risks addressed in a safety based qualification standards.

The Courts, the bar, and the public could benefit from a more recent analysis of the business

necessity defense to add to the Court's twelve year old, *EEOC v. Exxon Corp.* opinion.

Consequently, for the reasons stated above and those stated in our initial motion, the

Department of Interior respectfully requests that this Honorable Court publish its opinion in this

action.

Respectfully submitted, this 6th day of April 2012.

FELICIA C. ADAMS
United States Attorney

By:   /s/ Ava N. Jackson
          AVA N. JACKSON, MSB #2959
          Assistant United States Attorney
          900 Jefferson Avenue
          Oxford, MS 38655-3608
          (662) 234-3351
          (662) 234-3318 (Fax)

By:    /s/ Feleica L. Wilson
          FELEICA L. WILSON, MSB #9900
          Assistant United States Attorney
          900 Jefferson Avenue
          Oxford, MS 38655-3608
          (662) 234-3351
          (662) 234-3318 (Fax)

CERTIFICATE OF SERVICE

I, AVA N. JACKSON, Assistant United States Attorney for the Northern District of

Mississippi, do hereby certify that I filed the foregoing Reply in Support of Motion for Publication

of Opinion using the Court's ECF system, and have this day served a copy of same by emailing a

true copy of said brief to:

John Wallace Griffin, Jr.
Email: jwg@lawmgk.com

Robert Edward McKnight, Jr., Esq.
Email: mcknightr@lawmgk.com

Jim D. Waide, III, Esq.
Email: waide@waidelaw.com

Brian Dean East, Esq., Senior Attorney
Email: beast@advocacyinc.org

THIS, the 6th day of April 2012.


/s/ Ava N. Jackson
AVA N. JACKSON